**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SHAWN SCHNEIDER,** individually and on behalf of similarly situated individuals, <br><br> *Plaintiff*, <br><br> v. <br><br> **STATE NATIONAL INSURANCE COMPANY, INC.,** a Texas corporation, <br><br> *Defendant.* | Case No. 22-cv-02954 <br><br> Removed from the Circuit Court of Cook County, Illinois County Department, Chancery Division <br> Case No. 2022CH04132 |

## STATE NATIONAL INSURANCE COMPANY, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant State National Insurance Company, Inc. ("State National") hereby removes this action, originally filed as case no. 2022CH04132 in the Circuit Court of Cook County, Illinois County Department, Chancery Division ("State Court Action"), to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. In support of removal, State National states:

## I. PRELIMINARY STATEMENT

1. Plaintiff Shawn Schneider ("Plaintiff") filed the State Court Action on April 29, 2022, on behalf of himself, a putative nationwide class, and a putative Illinois subclass.

2. A true and correct copy of the Complaint in the State Court Action is attached as Exhibit 1. A true and correct copy of the Summons served on State National in the State Court Action is attached as Exhibit 2. No other process, pleadings, orders or other papers have been filed, served on State National, or issued by the Circuit Court of Cook County in the State Court Action.

3.      Plaintiff served State National with a summons and the Complaint in the State Court Action on May 5, 2022.  State National is timely filing this Notice of Removal within thirty (30) days of service.  *See* 28 U.S.C. § 1446(b).

4.      Removal to this Court is proper because this is the United States District Court for the district and division that includes the Circuit Court of Cook County, Illinois.  *See* 28 U.S.C. § 93(a)(1).

5.      As set forth in greater detail below, this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because minimal diversity of citizenship exists; because the aggregate number of putative nationwide class and Illinois subclass members is 100 or more; and because the amount in controversy exceeds $5,000,000.[1]

## II.      BACKGROUND

6.      Plaintiff is a resident and citizen of the State of Illinois.  Ex. 1 ¶ 4.  Plaintiff admits that State National is a Texas corporation (which it is) with a principal place of business in Texas (which is true and correct). *Id.* ¶ 5.  Accordingly, State National is a citizen of the state of Texas for purposes of 28 U.S.C. § 1332(c)(1).

7.      Plaintiff alleges that he owns two (2) Tesla automobiles and that State National insures both of those cars, as well as Plaintiff and another unspecified Tesla driver in Plaintiff's household.  *Id.* ¶¶ 20–21.

---

[1] By filing this Notice of Removal, State National does not admit any of Plaintiff's averments in the Complaint in the State Court Action, that certification of the putative nationwide class or the putative Illinois subclass is proper, or that Plaintiff or any putative class or subclass member is entitled to damages. State National denies that it is liable on each and every claim pleaded in the Complaint in the State Court Action and intends to defend this action on the merits, including by contesting certification of the putative classes.  State National reserves all rights, defenses, and objections to Plaintiff's claims and alleged damages, if any.

8.     Plaintiff alleges that State National provides "usage-based" automobile insurance to Tesla owners, including Plaintiff.  *Id.* ¶ 9.  According to Plaintiff, State National "has partnered with Tesla to provide usage-based [automobile] insurance to Tesla drivers that adjusts the premiums that drivers pay based on their [respective] driving habits."  *Id.*  More specifically, Plaintiff alleges that "[w]hen a new Tesla driver decides to sign up for [State National]'s insurance, he or she is assigned an initial 'Safety Score' of 90, within a range of 0–100.  For the first two months, the driver pays the initial premium based on the initial Safety Score of 90.  After the first month of driving, a new premium is calculated for the third month based on the driver's driving habits.  From there on, each consecutive month generates a new premium based on the driver's driving habits from the previous month."  *Id.* ¶ 10.  Plaintiff also alleges, however, that the "Safety Score" generated by his and each putative class and subclass member's Tesla automobile which State National uses to calculate each driver's respective, usage-based premium is faulty, resulting in purportedly inflated monthly premiums charged by State National to Plaintiff and each of the putative class and subclass members.  *Id.* ¶¶ 9–16.  Furthermore, Plaintiff alleges that he and the putative class and subclass members "would not have purchased their insurance from [State National] and paid the premiums they did, or would have paid materially less for it, had they known that their insurance premiums would be based on false [driver-specific usage data] that [Plaintiff and each of the putative class and subclass members] had no control over."  *Id.* ¶ 18.

9.     In his Complaint in the State Court Action, Plaintiff asserts against State National (i) a breach of contract cause of action on behalf of himself and the putative nationwide class; (ii) an Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, *et seq.*, cause of action on behalf of himself and the putative Illinois subclass; and (iii) an unjust enrichment cause of action on behalf of himself and the putative nationwide class.

10.     Plaintiff defines the putative nationwide class as "[a]ll individuals in the United States who, within the applicable limitations period, purchased usage-based insurance from [State National] for their Tesla vehicle." *Id.* ¶ 26(i).

11.     Plaintiff defines the putative Illinois subclass as "[a]ll individuals in the State of Illinois who, within the applicable limitations period, purchased usage-based insurance from [State National] for their Tesla vehicle." *Id.* ¶ 26(ii).

12.     Plaintiff alleges that the putative classes are comprised of "thousands of members[.]" *Id.* ¶ 28.

13.     In his Prayers for Relief, Plaintiff seeks (i) an order certifying the purported nationwide class and Illinois subclass, appointing him class and subclass representative, and appointing his counsel as class and subclass counsel; (ii) compensatory damages; (iii) injunctive relief; (iv) disgorgement and restitution; and (v) attorneys' fees and costs. *Id.* at 9, 11 & 12.

## III.    REMOVAL IS PROPER PURSUANT TO CAFA

14.     As amended by CAFA, 28 U.S.C. § 1332(d) confers to U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members of the putative class or classes is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). Congress's intent when enacting CAFA was to demonstrate a preference that properly removed putative class actions remain in federal court. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

15.     **This action constitutes a "class action" under CAFA.**  Because Plaintiff invokes procedures "authorizing an action to be brought by 1 or more representative persons as a class action," this matter qualifies as a "class action" for purposes of CAFA.  *See* Ex. 1 ¶¶ 26-34; 28 U.S.C. § 1332(d)(1)(B).

16.     **As alleged, the putative classes are comprised of 100 or more members.**  Plaintiff alleges that the putative classes are comprised of "thousands of members[.]"  Ex. 1 ¶ 28.  This Court "may rely on the estimate of class number set forth in the complaint" to determine whether the putative class or classes satisfy CAFA's 100-or-more-members requirement.  *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017).  Because Plaintiff alleges that the putative class members number in the "thousands," Ex. 1 ¶ 28, Plaintiff has conceded that the putative classes are sufficiently large for federal CAFA jurisdiction.

17.     **The amount in controversy exceeds $5,000,000.**  Under CAFA, the amount in controversy is determined by aggregating "the claims of individual class members."  28 U.S.C. § 1332(d)(6).  In its notice of removal, State National "need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold."  *Dart*, 135 U.S. at 89.  *See also Sabrina Roppo*, 869 F.3d at 583 (holding that defendant satisfied its burden to establish the amount in controversy exceeded the CAFA threshold based upon the "allegations and evidence a fact-finder *might* conceivably lawfully award in excess of $5 million dollars." (internal citations and quotations omitted) (emphasis in original)).  Prior to *Dart*, the Seventh Circuit applied a similar standard, requiring that a defendant need only show "a reasonable probability that the stakes exceed [CAFA's $5,000,000] minimum."  *Brill v. Countrywide Home Loans*, 427 F.3d 446, 448 (7th Cir. 2005); *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (requiring only a plausible, good-faith estimate of the amount in controversy).  State National may rely on

"what the plaintiff is claiming" and need not "confess liability" or offer "proof" of damages in support of removal pursuant to CAFA. *Spivey v. Vertue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). Although State National disputes class and subclass certification, that any putative class or subclass member has suffered damages, that any such damages are quantifiable, and that disgorgement, restitution or an award of fees or costs are proper, Plaintiff alleges that "thousands" of purported class and subclass members have over-paid premium to State National, each on a monthly and ongoing basis. *See* Ex. 1 ¶¶4, 16-19, 26-28. In 2021, Tesla delivered 936,172 vehicles to its customers.[2]

18. **CAFA's minimal diversity-of-citizenship requirement is satisfied.** Plaintiff is a citizen of Illinois, and State National is a Texas corporation with its principal place of business in Texas. Ex. 1 ¶¶ 4 & 5. Accordingly, State National is a citizen of Texas. Moreover, Plaintiff asserts claims on behalf of a putative nationwide class of Tesla owners who purchased usage-based automobile insurance from State National. *Id.* ¶ 26(i). The State Court Action as pleaded, therefore, satisfies CAFA's minimal diversity-of-citizenship test. *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (holding that diversity existed where Illinois class representatives sued a Delaware corporation with its principal place of business in Arizona).

19. Attached as Exhibit 3 is a true and correct copy of the required 28 U.S.C. § 1446(d) notice that State National promptly will provide to Plaintiff and file with the Clerk of the Circuit Court of Cook County upon filing this Notice of Removal.

---

[2] *See* Tesla Q4 2021 Vehicle Production & Deliveries Press Release, Jan. 2, 2022, available at https://ir.tesla.com/press-release/tesla-q4-2021-vehicle-production-deliveries.

20. By filing this Notice of Removal, State National does not intend to waive any defense that may be available to it in this action or in the State Court Action. State National reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, on the foregoing grounds, State National hereby removes the State Court Action to this Court and respectfully requests that this action proceed in this Court as a case properly removed.

**Dated:** **June 6, 2022**

Respectfully submitted,

State National Insurance Company, Inc.

By: /s/ Daniel R. Campbell

Daniel R. Campbell (6312473)
MCDERMOTT WILL & EMERY LLP
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
(312) 372-2000
dcampbell@mwe.com

Margaret H. Warner*
Ryan S. Smethurst*
MCDERMOTT WILL & EMERY LLP
500 N. Capitol Street
Washington, DC 20001-1531
(202) 756-8000
mwarner@mwe.com
rsmethurst@mwe.com

Alex M. Spisak*
MCDERMOTT WILL & EMERY LLP
650 Live Oak Avenue, Suite 300
Menlo Park, CA 94025-4885
(650) 815-7400
aspisak@mwe.com

*Motion to appear *pro hac vice* forthcoming