Hearing Date: 8/30/2022 10:00 AM
Location: Court Room 2403
Judge: Hall, Sophia H

**12-Person Jury**

FILED
4/29/2022 9:23 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH04132
Calendar, 12
17715095

FILED DATE: 4/29/2022 9:23 PM   2022CH04132

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

SHAWN SCHNEIDER, individually and on behalf of similarly situated individuals,

    *Plaintiff,*

v.

STATE NATIONAL INSURANCE COMPANY, INC. a Texas corporation,

    *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2022CH04132

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Shawn Schneider, brings this Class Action Complaint against Defendant State National Insurance Company, Inc. ("SNIC" or "Defendant") to stop Defendant from charging inflated premium fees based on false Forward Collision Warning signals that are generated by the Tesla vehicles which Defendant insures and profits from. On his own behalf and on behalf of similarly situated individuals, Plaintiff seeks relief for all persons who have been unlawfully charged premium fees by Defendant. Plaintiff alleges as follows based on personal knowledge as to himself and his own acts and experiences, and as to all other matters, on information and belief, including an investigation by his attorneys.

### NATURE OF THE ACTION

1. Across the nation, Defendant has partnered with the electric vehicle company Tesla to provides its insurance services to Tesla drivers through a usage-based safety discount program. Defendant's insurance service follows a new industry push to charge drivers fairer premiums based on their driving habits.

1

2. In or around December 2021, Defendant began to provide its usage-based safety discount insurance to Tesla drivers in Illinois.

3. As in other states, Defendant's usage-based insurance uses five "safety factors" collected directly from its insureds' Tesla vehicles which it uses to generate a "Safety Score" to help calculate these drivers' premiums. The five safety factors include: (1) Forward Collision Warning alerts; (2) Hard Braking events; (3) Aggressive Turning events; (4) Unsafe Following events; and (5) Forced Autopilot Disengagement events.

4. Unfortunately, Tesla drivers' Safety Scores are inflated because of random "ghost" Forward Collision Warnings that Tesla vehicles undergo when there is no actual danger or any car in sight. Even more drastically with some of the Tesla vehicles Defendant insures, Forward Collision Warnings show up in the Safety Score when the drivers never even experience them. Nonetheless, Defendant unfairly charges its Tesla customers for higher monthly premium fees based on these "unsafe" driving events that never actually occurred.

3. In order to redress these injuries, Plaintiff brings this suit on his own behalf and on behalf of a class of similarly situated individuals, asserting violations of consumer protection laws, breach of implied covenant of good faith and fair dealing, unjust enrichment, injunctive relief prohibiting Defendant from continuing to unfairly charge premiums on false Forward Collision Warnings, equitable relief, including the disgorgement of any profits that Defendant derived from its misconduct, and an award of reasonable attorneys' fees and costs.

**PARTIES**

4. Plaintiff Shawn Schneider is a natural person and a resident of Illinois.

5. Defendant State National Insurance Company, Inc. is a Texas corporation with its principal place of business in Bedford, Texas, and is registered with the Illinois Department of Insurance.

## JURISDICTION AND VENUE

6. This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Plaintiff's claims arise out of Defendant's unlawful in-state actions. Further, Defendant is doing business within this state such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable under the Illinois Constitution and U.S. Constitution for this Court to exercise jurisdiction over the Defendant.

7. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County and thus resides there under § 2-102, and because a substantial part of the events giving rise to Plaintiff's claims occurred in Cook County.

## COMMON FACTUAL ALLEGATIONS

8. Defendant is a national provider of automotive insurance coverage.

9. Most recently, Defendant has partnered with Tesla to provide usage-based insurance to Tesla drivers that adjusts the premiums that drivers pay based on their driving habits.

10. When a new Tesla driver decides to sign up for Defendant's insurance, he or she is assigned an initial "Safety Score" of 90, within a range of 0–100. For the first two months, the driver pays the initial premium based on the initial Safety Score of 90. After the first month of driving, a new premium is calculated for the third month based on the driver's driving habits. From there on, each consecutive month generates a new premium based on the driver's driving habits from the previous month.

11. As stated above, the safety score is calculated by looking at five safety factors that are collected from insureds' Tesla vehicles: (1) Forward Collision Warning alerts; (2) Hard Braking events; (3) Aggressive Turning events; (4) Unsafe Following events; and (5) Forced Autopilot Disengagement events

12. However, due to the advanced and still in development technology that powers Tesla's semi-autonomous driving features, including the safety features that Defendant's Safety Score tracks, some of the features do not always work as intended.

13. Specifically, numerous Tesla drivers have reported suffering sporadic and random Forward Collision Warnings when there is no danger in sight or any car or object in front to signify the danger supposedly detected.

14. In addition, other Tesla drivers have also observed Forward Collision Warnings reflected in their Safety Score without ever experiencing any warning while driving their vehicle.

15. Crucially, because Defendant calculates the number of Forward Collision Warnings per 1,000 miles, and weighs them more heavily than at least three other factors in the Safety Score calculation (with the exception of forced Autopilot disengagement), these false Forward Collision Warnings result in immediate downgrades of Defendant's insureds' Safety Scores. This in turn results in higher premiums. The effect is particularly pronounced for Tesla drivers who only occasionally drive and who only have the next 30 days to try to average more miles with the hopes to boost their Safety Scores by not having any Forward Collision Warnings appear.

16. As such, Defendant has engaged in unfair conduct by charging its customers inflated insurance premiums that are not actually based on their driving behavior and failing to account for false Forward Collision Warnings.

4

17. In addition, by doing so, Defendant has breached the implied covenant of good faith and fair dealing by abusing its discretion to adjust insurance premiums and adjusting such premiums based on false Forward Collision Warnings.

18. Plaintiff and other customers would not have purchased their insurance from Defendant and paid the premiums that they did, or would have paid materially less for it, had they known that their insurance premiums would be based on false Forward Collision Warnings that they did not actually cause and had no control over.

19. As a result, Plaintiff and other members of the Class have suffered damages and concrete harm through payment of inflated premium fees to Defendant that they cannot now ever recover.

## FACTS SPECIFIC TO PLAINTIFF

20. Plaintiff Schneider owns both a Tesla Model S and a Tesla Model 3.

21. Plaintiff drives the Model S, while another individual in his household drives the Model 3. Both vehicles and their respective drivers are insured by Defendant and enrolled in Defendant's usage-based safety discount program for which Plaintiff pays for in full.

22. Like many other Model 3s, Plaintiff's Model 3 has on numerous occasions experienced false Forward Collision Warnings when there was no danger in sight or any car in front. As a result, Plaintiff's monthly premium for the Model 3 has increased since when he first signed up as his Safety Score has decreased due to the false Forward Collision Warnings.

23. Plaintiff's Model S suffers from a similar problem, but in a different way. Plaintiff's individual Safety Score features random Forward Collision Warning events when he did not even experience any such warnings while driving his Model S. As with Plaintiff's Model 3, these false

5

Forward Collision Warnings have significantly affected his monthly premium for the Model S as his Safety Score has decreased as a result of them.

24. Defendant has failed to implement any steps to account for the false Forward Collision Warnings that Plaintiff has experienced in his vehicles.

25. Had Plaintiff known he would not be provided a premium based on his actual driving habit as promised, and that he would have to pay an inflated premium based on false Forward Collision Warnings, he would not have purchased Defendant's insurance or paid the premiums that he did, or would have paid materially less for the insurance. Further, Plaintiff did not receive the benefit of his bargain with Defendant as he did not receive insurance whose costs were based on his actual driving habits.

## CLASS ACTION ALLEGATIONS

26. Pursuant to 735 ILCS 5/2-801, Plaintiff brings this action on behalf of a Class and Subclass of similarly situated individuals defined as follows:

(i) The Nationwide Class: All individuals in the United States who, within the applicable limitations period, purchased usage-based insurance from Defendant for their Tesla vehicle.

(ii) The Illinois Subclass: All individuals in the State of Illinois who, within the applicable limitations period, purchased usage-based insurance from Defendant for their Tesla vehicle.

27. Expressly excluded from the Class and Subclass are any members of the judiciary assigned to preside over this matter; any officer, director, or employee of Defendant; and any immediate family members of such officers, directors, or employees.

28. There are thousands of members of the Class and Subclass such that joinder of all members is impracticable. Although the exact number of members of the Class and Subclass is

presently unavailable to Plaintiff, the members of the Class and Subclass can be easily identified through Defendant's records.

29. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class or Subclass.

30. Plaintiff's claims are typical of the claims of the other members of the Class and Subclass, in that the factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class and Subclass are the same. Plaintiff and the other members of the Class and Subclass have all suffered similar harms and damages as a result of Defendant's unlawful and unfair conduct of charging inflated premiums based on false Forward Collision Warning events.

31. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to:

   a) Whether Defendant charges inflated policy premiums based on false Forward Collision Warnings;
   b) Whether Defendant fails to charge policy premiums based on drivers actual driving behavior;
   c) Whether Defendant's conduct constituted unfair or deceptive trade practices under States' consumer protection laws;

7

d) Whether Defendant breached its covenant of good faith and fair dealing with its insureds to provide insurance policy premium adjustments based on their actual driving habits;

e) Whether Defendant was unjustly enriched as a result of charging inflated auto insurance premiums based on false Forward Collision Warnings;

f) The proper measure and calculation of damages; and

g) Whether Defendant should be enjoined from engaging in such conduct in the future.

32. Defendant has acted and/or failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

33. Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. Unless the Class and Subclass are certified, Defendant will retain the monies it received from the members of the Class and Subclass as a result of its unfair conduct.

34. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

## COUNT I
### Breach of Contract
**(On Behalf of Plaintiff and the Class members, in the alternative to Count III)**

35. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

36. The insurance policies Defendant issued to Plaintiff and the other members of the Class are contracts entered into between Plaintiff and Defendant.

37. Plaintiff and the other members of the Class performed under those contracts by paying the policy premiums.

38. Defendant had broad and exclusive contractual discretion to calculate Plaintiff's and the other Class members' Safety Scores and interpret the driving habits it collected in any manner of its choosing.

39. Under Illinois and other states' laws where Defendant provides insurance to the Class members, a covenant of fair dealing and good faith is implied into every contract.

40. By failing to calculate Plaintiff's and the other Class members' Safety scores based on their actual driving habits and putting safeguards in place to ensure that false Forward Collision Warnings were not the basis of insurance premium adjustments, Defendant abused its contractual discretion and acted in a manner inconsistent with the reasonable expectations of Plaintiff and the Class members.

41. As such Defendant has breached the implied covenant of good faith and fair dealing.

42. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff and the other members of the Class, have suffered actual, concrete harm in the amount of inflated insurance premiums that they paid and are entitled to recover compensatory and consequential damages in an amount to be determined at trial.

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

    A. Entry of an order certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

B.  An award of actual or compensatory damages in an amount to be determined at trial; and

C.  Such further and other relief the Court deems reasonable and just.

## COUNT II
### Deceptive and Unfair Acts or Practices in Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.*
### (on behalf of Plaintiff and the Subclass members)

43. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

44. The ICFA prohibit deceptive acts and practices in the sale and marketing of services such as Defendant's insurance.

45. Defendant promised in its insurance agreement with Plaintiff and Subclass members that it will price their policies based on an assessment of their driving behavior.

46. Instead, Defendant charged Plaintiff and the other members of the Subclass inflated premiums that were not based on their actual driving habits and were instead based on false Forward Collision Warnings.

47. Plaintiff and the other members of the Subclass are "consumers" or "persons," as defined under the ICFA.

48. Defendant's conduct as alleged herein occurred in the course of trade or commerce.

49. Defendant failed to take steps to ensure that false Forward Collision Warnings did not impact Plaintiff's and the other Subclass members' insurance premiums.

50. Defendant's conduct was deceptive in violation of the ICFA as Defendant promised to provide Plaintiff and the other Subclass members insurance that was based on their actual driving behavior when, in fact, Defendant charged insurance premiums that were based on false Forward Collision Warning events.

51. Defendant's conduct also constitutes an "unfair practice" under the ICFA.

52. By charging consumers for inflated insurance premiums, Defendant's actions unfairly imposed additional, unlawful costs on the Plaintiff and the other members of the Subclass.

53. Defendant's conduct of imposing inflated insurance premiums on Plaintiff and the other members of the Subclass offends public policy, has caused and continues to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

54. As a direct and proximate result of Defendant's false, and unfair and deceptive conduct, Plaintiff and the other members of the Subclass have suffered concrete harm and actual damages as described above.

55. Defendant's conduct is in violation of the ICFA, and pursuant to 815 ILCS 505/10a Plaintiff and the other members of the Subclass are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting Defendant's deceptive and unfair conduct going forward, and any other penalties or awards that may be appropriate under applicable law.

WHEREFORE, Plaintiff, on behalf of himself and the Subclass, prays for the following relief:

    A. An order certifying the Subclass as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

    B. An award of actual or compensatory damages in an amount to be determined at trial;

    C. Injunctive relief prohibiting Defendant's deceptive and unfair practices as described herein;

    D. An award of reasonable attorney's fees and costs; and

    E. Such further and other relief the Court deems reasonable and just.

## COUNT III
## Unjust Enrichment
### (on behalf of Plaintiff and the Class members, in the alternative to Count I)

56.  Plaintiff incorporates by reference all of the allegations in paragraphs 1–34, and 43–55 as though fully set forth herein.

57.  By over-charging Plaintiff and the other Class members inflated insurance premiums that were based on false Forward Collision Warning instead of their actual driving behavior, Defendant has retained a benefit to the detriment of Plaintiff and the other Class members. This benefit is measurable by the money that plaintiff and the other Class members have over-paid in premiums due to the false Forward Collision Warnings.

58.  Defendant has thus been unjustly enriched, and it would be unjust to allow Defendant to retain the enrichment.

59.  Defendant's retention of this benefit violates fundamental principles of justice, equity, and good conscience.

60.  Plaintiff and the other members of the Class are therefore entitled to restitution in the amount by which Defendant have been unjustly enriched and an order requiring Defendant to disgorge any profits or other benefit they have retained.

61.  WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the following relief:

    A.    Entry of an order certifying the Class as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

    B.    Entry of an order requiring Defendant to disgorge all amounts by which they were unjustly enriched and to pay restitution to Plaintiff and the other members of the Class in an amount to be determined at trial;

C.  Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 29, 2022

SHAWN SCHNEIDER, individually and on behalf of a class of similarly situated individuals

By: /s/ Andrew T. Heldut
One of Plaintiff's Attorneys

Eugene Y. Turin
Andrew T. Heldut
MCGUIRE LAW, P.C. (#56618)
55 W. Wacker Dr., 9th Fl.
Chicago, Illinois 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
eturin@mcgpc.com
aheldut@mcgpc.com

*Attorneys for Plaintiff and the putative class members*